UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Kristine J. Wetzel,

    Plaintiff,

v.                                                          Case No. 15-cv-3122 (JNE/SER)
                                                          ORDER

Axis Clinicals LLC,

    Defendant.

This matter is a whistleblower action brought by Plaintiff Kristine Wetzel against her former employer, Defendant Axis Clinicals LLC. It is before the Court on Defendant's motion to dismiss the first amended complaint under Rule 12(b)(6). For the reasons provided below, the motion is granted and Wetzel's first amended complaint is dismissed without prejudice.

## BACKGROUND

On January 12, 2015, Defendant hired Wetzel as the senior human resources manager at its location in Dilworth, Minnesota. One of Wetzel's job duties was to establish Defendant's 401(k) plan, which she did. Although the 401(k) plan was in effect as of April 1, 2015, Defendant did not take 401(k) deductions from its employees' paychecks for the next two pay periods. On May 1, 2015, Defendant informed Wetzel about this failure. Defendant told Wetzel it planned to resolve the failure by deducting twice the authorized amount during the following pay period. Wetzel then reported to Defendant that this plan was unlawful. The complaint asserts that this double deduction plan would have breached Defendant's employees' contracts by deducting more than authorized. Defendant terminated Wetzel the following business day.

Wetzel's first amended complaint alleges one count for a violation of the Minnesota Whistleblower Act (MWA), Minn. Stat. § 181.931 *et seq.*

## STANDARD OF REVIEW

When ruling on a motion to dismiss, a court must accept the facts alleged in the complaint as true and grant all reasonable inferences in the plaintiff's favor. *Crooks v. Lynch*, 557 F.3d 846, 848 (8th Cir. 2009). However, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

In support of its motion, Defendant produces many facts that are not in the complaint. The Court, in its discretion, declines to convert Defendant's Rule 12 motion into a Rule 56 motion. *See Casazza v. Kiser,* 313 F.3d 414, 418 (8th Cir. 2002). Thus, the Court will not consider these facts at this time.

## DISCUSSION

The MWA prohibits an employer from discharging an employee because she, "in good faith, reports a violation, suspected violation, or planned violation of any federal or state law or common law." Minn. Stat. § 181.932. "A whistleblower claim need not identify the specific law or rule that the employee suspects has been violated, so long as there is a federal or state law or rule adopted pursuant to law that is implicated by the employee's complaint, the employee reported the violation or suspected violation in good faith, and the employee alleges facts that, if proven, would constitute a violation of law or rule adopted pursuant to law." *Abraham v. County of Hennepin,* 639 N.W.2d 342, 354–55 (Minn. 2002).

Here, the only allegation in the complaint regarding the content of Wetzel's report consists of a single sentence: "Plaintiff reported to Defendant that this proposal would constitute an unlawful deduction, because the 401(k) deduction would be twice what Defendant's employees had authorized." The complaint's factual allegation regarding what law might be implicated by the report states: "Indeed, Defendant's proposal to deduct double the authorized amount the following pay period would have breached the written contracts entered into between Defendant and its employees wherein its employees authorized Defendant to make specific payroll deductions for the purpose of participating in the 401(k) savings plan."

These allegations are too scant to survive Defendant's motion. The Court cannot adequately discern the content of Wetzel's report and what law, if any, is implicated by the facts alleged, as opposed to the legal conclusions asserted. The Court's determination is bolstered by the fact that the report involves 401(k) plans that might implicate the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1001 *et seq.*, a statute that has been found to preempt state whistleblower claims and claims relating to 401(k) plans. *See, e.g., McLean v. Carlson Companies, Inc.,* 777 F. Supp. 1480, 1483 (D. Minn. 1991); *Torsiello, M.D. v. Strobeck*, 955 F. Supp. 2d 300, 304 (D.N.J. 2013); *Sexton v. Panel Processing, Inc.*, 912 F. Supp. 2d 457, 467 (E.D. Mich. 2012).

The Court dismisses the complaint. The dismissal is without prejudice to the filing of a second amended complaint that brings a non-preempted claim and meets pleading standards. If Wetzel wishes to file another complaint, she has 30 days from the date of this Order to do so.

## CONCLUSION

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. Defendant's motion to dismiss [Docket No. 10] is GRANTED, and Plaintiff's first amended complaint is DISMISSED WITHOUT PREJUDICE.

2. Plaintiff may file a second amended complaint within 30 days from the date of this Order.

Dated:   January 6, 2016

                                              s/Joan N. Ericksen
                                              JOAN N. ERICKSEN
                                              United States District Judge